Brian B. Winegar (WSB # 7-6140)
Fred H. Shepherd (WSB # 7-5762)
VICKERY & SHEPHERD, LLP
10000 Memorial Dr. Ste. 750
Houston, TX  77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: brian@justiceseekers.com
Email: fred@justiceseekers.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| LAURA COX | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE #: 21-cv-00065 |
| | § | |
| DWAYNE SCHUTT dba BOBO'S EXPRESS | § | |
|     Defendant. | § | |
| | § | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, LAURA COX, by and through her attorneys, and for her causes of action against Defendant, DWAYNE SCHUTT dba BOBO'S EXPRESS, and in support of the relief requested here, respectfully alleges to the Court as follows:

### Nature of the Case

1. This is a Wyoming, diversity jurisdiction, personal injury case arising out of a crash that occurred on or about December 14, 2020, in Laramie County.

### Parties

2. This Complaint is brought on behalf of Plaintiff Laura Cox who is a citizen and resident of the State of Wyoming.

3. Upon information and belief, Defendant Bobo's Express is a Nebraska Corporation doing business in Wyoming, with its principal office and place of business in Rudolph, Nebraska. At all times pertinent to this case, Bobo's Express was an employer of Russell Peters (herein "Peters") and Peters was acting within the scope of his employment.

## Jurisdiction and Venue

4. Jurisdiction is based on diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1332.

5. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Facts Common to All Causes of Action

6. Defendant Bobo's Express is a trucking company which hauls loads for shippers in interstate commerce. On or about December 14, 2020, Peters, as an employee of Bobo's Express, was operating an International Conventional truck near Cheyenne, Wyoming. Peters was traveling westbound on Interstate 80.

7. At about the same time, Plaintiff Laura Cox was in a 2004 GMC Yukon owned by her mother, and was lawfully operating her mother's vehicle at the time. Ms. Cox was also traveling westbound on Interstate 80.

8. Suddenly and without warning, the vehicle Plaintiff was driving was struck from behind by the Bobo's Express truck driven by Peters. Upon information and belief, Peters took his eyes off the road, and did not attempt to slow down or hit the brakes to avoid the crash.

9. Plaintiff's Yukon was pushed off the interstate at a high rate of speed, and collided with a fence. Plaintiff was taken via ambulance to Cheyenne Regional Medical Center.

10. As a result of the acts, errors or omissions of defendant, Plaintiff suffered serious injuries.

## Causes of Action – Negligence

11. Defendant's driver, Peters, was negligent in a variety of respects, including failure to maintain a proper lookout, failure to yield the right of way, failure to control his speed, and failure to brake or take other measures to avoid the collision. His negligence was a proximate cause of the crash and of Plaintiff's injuries.

12. On information and belief Defendant Bobo's Express was also independently negligent by reason of one or more of the following acts, errors, or omissions:

   a. Failing to adequately qualify its driver that was operating its truck;

   b. Failing to adequately train its driver that was operating its truck;

   c. Failing to adequately supervise its driver that was operating its truck;

   d. Failing to adequately qualify, train and/or supervise its drivers to keep a proper lookout;

   e. Failing to adequately qualify, train and/or supervise its drivers to drive undistracted;

   f. Failing to adequately qualify, train and/or supervise its drivers to keep its truck under proper control at all times;

   g. Failing to adequately train and supervise its drivers to take proper action to avoid other vehicles lawfully using the highway;

   h. Failing to adequately qualify, train and/or supervise its drivers to not disregard the safety of people on or near a

      public highway; and/or

   i.    Failing otherwise to provide for safe operating semi-tractor-trailer and endangering thereby everyone on or near a highway.

   j.    Defendant Bobo's Express was otherwise negligent.

13.   As a direct and proximate result of the negligence of Defendant, the Bobo's Express truck, operated by Peters, violently and needlessly crashed into the rear of the vehicle being lawfully and reasonably driven by Plaintiff Laura Cox. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured.

14.   If discovery reveals that Defendant's conduct was more culpable than simple negligence, Plaintiff will seek leave of the Court to amend this Complaint to allege same and the consequences therefor.

## **Damages**

15.   As a direct and proximate consequence of Defendant's conduct, Plaintiff has suffered, and continues to suffer, from the following injuries for which she is entitled to collect compensation from Defendant:

   a.    pain and suffering, past;

   b.    pain and suffering, future;

   c.    mental anguish, past;

   d.    mental anguish, future;

   e.    loss of the enjoyment of life, past;

   f.    loss of the enjoyment of life, future; and

   g.    medical expenses, lost earnings or earning capacity, and other economic damages; and

h.  any other losses or damages as may be proven or shown.

## Jury Trial Demanded

16. Plaintiff hereby invokes her constitutional right to trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendant, for the acts, errors and omission of Defendant, their principals, employees, staff, or agents, direct or indirectly causing the personal, physical, and mental and financial injuries to Plaintiff as will be proven at trial, and other such damages and compensation for loss;

a.  Monetary, pecuniary or other loss allowed in law or equity, sustained by Plaintiff;

b.  For such other and further relief as the Court deems proper and just in premises.

RESPECTFULLY SUBMITTED this 8th day of April, 2021.

By:  /s/ *Brian B. Winegar*
Brian B. Winegar (WSB # 7-6140)
Fred H. Shepherd (WSB # 7-5762)
VICKERY & SHEPHERD, LLP
10000 Memorial Dr. Ste. 750
Houston, TX 77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: brian@justiceseekers.com
Email: fred@justiceseekers.com
*Co-counsel for Plaintiff*

Erik Oblasser (WSB # 7-4897)
CORTHELL AND KING, P.C.
Albany County Bank Building
221 S 2nd St
Laramie, WY 82073
Telephone: 307-742-3717
Facsimile: 307-742-5641
Email: erik@corthellandking.com
*Co-counsel for Plaintiff*